UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY DELANEY,

    Plaintiff,

v.                                                    Case No. 8:11-cv-57-T-33MAP

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The Plaintiff, appearing *pro se*, has filed an amended complaint and again seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (docs. 6, 7). Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(I) and (ii). Although the court will hold *pro se* pleadings to a less stringent standard and construe the complaint more liberally, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Plaintiff's amended complaint does not differ significantly from his initial complaint. In his amended complaint, Plaintiff again asserts one count of discrimination against the State of Florida, a "Deputy Goldstein," Lourie Deblasio, and Riverplace Apartments but now also identifies the State of Arizona and the United States as Defendants (doc. 6). As the factual basis for his claim, he alleges: he pled guilty to a misdemeanor sexual assault charge in Colorado years ago; the State of Arizona advised him he needed to register as a sex offender upon his release from prison after incarceration "for what was actually an attempt to murder himself because of what he knew about the conspiracy surrounding the Kennedy assassinations;" a deputy with the Orange County Sheriff's Office informed him in October 2010 he would need to register his address in Orlando as a result of his status as a sex offender or be arrested; and he sought to lease an apartment in January 2011 and paid a fee but was later denied the apartment, allegedly due to his status as a sex offender, and not refunded his fee even though he had allegedly put Defendant Deblasio on notice of his prior convictions. Pursuant to 28 U.S.C. § 1343, 42 U.S.C. §§ 1982, 1983, 1985 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., he seeks reimbursement of the fee paid to apply for the apartment and compensation in the amount of $10 million for his mental distress and pain and suffering due to the "hardship imposed" on him as well as $10 million in punitive damages. His "legal argument" consists of the following: the Ex Post Facto law requiring him to register as a sex offender constitutes double jeopardy if applied retroactively, raising a question of liability for the State of Florida, the State of Arizona, and the United States; Deputy Goldstein is not protected by qualified immunity; Defendants Deblasio and Riverplace Apartments "are liable because they are acting under color of law as part of the ongoing conspiracy to discriminate against [Plaintiff] because he is a German;" and, based on the foregoing, "[c]learly there is a meeting of the minds involved" (doc. 6).

Even construing Plaintiff's complaint liberally, he has again failed to set forth any cognizable claim.  Essentially, Plaintiff alleges each Defendant discriminated against him based on a previous conviction for a misdemeanor sexual assault, but he then asserts a constitutional violation of the Ex Post Facto Clause arising from his misdemeanor conviction and the subsequent sex offender registration requirement.  In his amended complaint, he adds an allegation that there is an "ongoing conspiracy to discriminate against him because he is a German."[1]  In asserting his claims, he cites statutes designed to bar racial discrimination in the sale or rental of property, 42 U.S.C. § 1982; to prevent discrimination in employment, 42 U.S.C. § 2000e et seq.; and to prohibit two or more persons from conspiring to interfere with an individual's civil rights, 42 U.S.C. § 1985.  Plaintiff has again failed, however, to assert any allegations pertaining to racial or employment discrimination.  Further, Plaintiff provides nothing more than one conclusory allegation pertaining to his claim that two or more persons conspired to deprive him of or interfere with his civil rights and also omits identification of which civil rights he claims to have been deprived of or interfered with.

As stated in the Court's prior Order, based on the facts alleged in the complaint, 42 U.S.C. § 1983 provides the only potential basis for a claim. To establish a cause of action under Section 1983, a plaintiff must demonstrate "a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  In this

---

[1] In his amended complaint, Plaintiff again cites to "42 U.S.C.A 2000 et seq." seeking relief.  No such statute exists.  To the extent Plaintiff seeks relief under 42 U.S.C. § 2000a, he has not alleged any facts demonstrating he was entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, or private establishment which made itself available as a place of public accommodation, but was discriminated against or segregated on the ground of race, color, religion, or national origin.  42 U.S.C. § 2000a(a) and (e).  His conclusory allegation regarding the alleged conspiracy against him because he is German does not remedy this deficiency.

instance, the only allegations arguably pertaining to the State of Florida or a "Deputy Goldstein" involve enforcement of the provisions of both federal and state law requiring registration of sex offenders.  *See* 42 U.S.C. § 16913; *see* Fla. Stat. § 943.0435.  Plaintiff fails, however, to allege any facts establishing a deprivation of some right, privilege or immunity protected by the Constitution or laws of the United States by any person acting under color of state law.[2]  Given the foregoing, Plaintiff's amended complaint fails to state a claim on which relief may be granted and, accordingly, the amended complaint should be dismissed.  28 U.S.C. §1915(e)(2)(B)(ii); *see Thompson v. Adamson*, 247 Fed. App'x 178, 179 (11th Cir. 2007) (*citing Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989)) (noting federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law).  Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (doc. 7) be DENIED.

2. Plaintiff's amended complaint (doc. 6) be dismissed.

IT IS SO REPORTED at Tampa, Florida on March 14, 2011.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff asserts a violation of the Ex Post Facto Clause, the Supreme Court appears to have foreclosed that argument with respect to sex offender registration statutes. *See Smith v. Doe*, 538 U.S. 84 (2003) (finding the Alaska Sex Offender Registration Act, with its registration and notification requirements, did not constitute retroactive punishment forbidden by the Ex Post Facto Clause).

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Virginia M. Hernandez Covington
Plaintiff, *pro se*